Filed 12/10/25  P. v. Kendrick CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN FINDLEY KENDRICK II,<br><br>Defendant and Appellant. | F088176<br><br>(Super. Ct. No. DF008260A)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  David Wolf, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Detjen, Acting P. J., Peña, J. and Harrell, J.

## INTRODUCTION

In 2007, defendant John Findley Kendrick II was charged with possession of a weapon in state prison (Pen. Code,[1] § 4502, subd. (a)) and it was alleged that defendant had suffered seven prior strike convictions. Defendant pleaded guilty to the felony charge in 2008 and admitted the prior strike allegations. The court granted the defense's motion to strike six of his seven prior strike convictions and it sentenced defendant to eight years (the upper term of four years doubled to eight years).

In 2024, the trial court received defendant's petition to vacate an unauthorized sentence in which he asserted his 2008 sentence was unauthorized because he did not agree to a second strike sentence as part of the plea. The trial court summarily denied the petition finding defendant was "not eligible for [the] relief requested."

Defendant appeals from the court's order denying relief. His counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Our court sent defendant a letter notifying him counsel found no arguable issues, he had 30 days to file a supplemental letter or brief raising any arguable issues, and his failure to file a supplemental letter or brief could result in this court dismissing the appeal as abandoned. Defendant did not file a supplemental letter or brief.

Because we conclude the appeal arises from a nonappealable order, we dismiss it.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2007, defendant was charged with willfully and unlawfully possessing a weapon, to wit: dirk, dagger or a sharp instrument, while in prison (count 1, § 4502, subd. (a)). It was further alleged that defendant was previously convicted of seven prior strike convictions (§§ 667, subds. (c)-(j); 1170.12, subds. (a)-(e)) on June 19, 1997—four counts of robbery (§ 211), and three counts of false imprisonment (§§ 236, 237, 12022.5).

---

[1] Undesignated statutory references are to the Penal Code.

2.

In March 2008, the court held a change of plea hearing. The court noted, "[t]his being a three-strike case, plea bargains are not permitted, and there will be no plea bargain in this matter." But the court also acknowledged "[t]here were discussions between [the] Court and counsel about the possibility of a successful Romero[2] motion being made in connection with the sentencing" based on the facts and circumstances surrounding this particular incident and defendant's prior convictions "without any promises." With regard to defendant's prior convictions, the court noted "one mitigating factor that would be the result of a plea … is an admission by [defendant] that his possession of this particular item was a violation of the law and that he did possess it, and it appears that there will be a plea." The court told defendant that it had indicated to his attorney "that his chances of success on the Romero motion at least as to striking six out of the seven is pretty good." After confirming he understood the rights the court explained to him and that he was giving them up as part of the plea, defendant pleaded no contest to the charge (count 1, § 4502, subd. (a)) and admitted all the prior conviction allegations, exposing him to a 25-year-to-life sentence to be served consecutive to the sentence he was already serving.

At sentencing, the court found it to "be in the interests of justice and based on the facts and circumstances of this case to strike all … of the prior strike allegations, with the exception of one of the robbery convictions arising out of the San Diego County action, No. SCD123570" for this case only and for purposes of imposition of sentence. The court sentenced defendant to eight years (the upper term of four years, doubled), "to be served fully consecutive to the sentence imposed in San Diego County Superior Court Case No. SCD123570, for a total term of 27 years, eight months in the San Diego case, plus eight years in this case."

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

In April 2024, defendant sent to the court a "Petition to Vacate an Unauthorized Sentence and for Immediate Release and/or Resentencing in Case No. DF8260A Pursuant to Penal Code[ ] §§ 1385 In The Furtherance of Justice; 1170(b)(1); § 1170.1(c); AB 518; SB 567; SB 331 and All Other Enacted Sentencing Provisions that Lessen Determinate Terms, and Appointment of Counsel in This Matter."[3]  Defendant asserted the court had jurisdiction to vacate and correct a sentence that is "not authorized by law."  He argued his counsel provided ineffective assistance in case No. DF8260A in failing to object to the upper term sentence which, defendant alleged, was "excessive and in violation of … [section] 1170.1[, subdivision ](c)" and resulted in cruel and unusual punishment that was racially discriminatory.  Defendant also argued the upper term for a violation of section 4502, subdivision (a) "was four years, not eight years."  Defendant also noted the passage of Senate Bill No. 567 (2021-2022 Reg. Sess.), which amended section 1170 and limited the use of upper term sentences.  The court issued an order on April 15, 2024, denying the motion, stating "Defendant is not eligible for [the] relief requested in the Motion/Petition."  Defendant now appeals from that order.

## DISCUSSION

In *Wende*, *supra*, 25 Cal.3d 436, the California Supreme Court held the courts of appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal that "raises no specific issues or describes the appeal as frivolous." (*Id*. at p. 441; see *Anders v. California* (1967) 386 U.S. 738, 744.)  "This procedure is applicable to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221, citing *Wende*, *supra*, at pp. 439, 441; accord, *Anders*, *supra*, at pp. 741, 744.)

---

**3**  Assembly Bill No. 518 (2021-2022 Reg. Sess.); Senate Bill No. 567 (2021-2022 Reg. Sess.); Senate Bill No. 331 (201-2022 Reg. Sess.).

4.

In *Delgadillo*, the court held that the procedure provided for in *Wende/Anders* is not applicable to an appeal from a trial court's order denying a petition for postconviction relief under section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at p. 222.) The *Delgadillo* court explained the *Wende/Anders* procedure did not apply because the denial of the defendant's section 1172.6 petition did not implicate the defendant's constitutional right to counsel (even if the defendant had a state-created right to the appointment of counsel for that appeal). (*Delgadillo*, at pp. 224, 226.) The *Delgadillo* court also rejected the argument that *Wende*-type procedures should apply as a matter of general due process principles requiring fundamental fairness. (*Delgadillo*, at pp. 228-229.) Nevertheless, the *Delgadillo* court held that "if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice." (*Id.* at p. 230.)

In this case, appellate counsel filed a brief pursuant to *Wende* and *Delgadillo* from the denial of defendant's motion/petition. In the brief, appellate counsel asserts defendant's petition to correct an "unauthorized sentence imposed in 2008 is the equivalent of an invitation to recall and resentence under section 1172.1." She contends "[b]ecause the imposition of and, thus, the failure to correct an unauthorized sentence— when the trial court could do so by accepting the invitation—affected appellant's substantial right to not be incarcerated longer than the law allows, the order denying relief is appealable." Counsel asked our court to independently review the record on appeal to determine whether it contains arguable issues. In counsel's declaration attached to the brief, counsel averred that she advised defendant that defendant could file his own brief with this court within 30 days and that this court may treat the appeal as abandoned and dismiss it if defendant did not timely file a supplemental brief or letter within 30 days. This court also sent defendant a notice stating that he could submit a letter within 30 days submitting any additional grounds on appeal he would like our court to consider. The order specified that if this court did not receive a supplemental letter or brief from

5.

defendant within 30 days from the date of the order, the appeal may be dismissed as abandoned. Defendant did not file a supplemental brief.

We conclude the appeal must be dismissed because it arises from a nonappealable order. Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; accord, *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) To obtain resentencing on a final judgment, a defendant generally must file a petition for writ of habeas corpus (see *People v. Picklesimer* (2010) 48 Cal.4th 330, 339) or proceed by way of a special statutory procedure (e.g., §§ 1170.18, 1170.91, 1172.1, 1172.2, 1172.6, 1172.7, 1172.75). (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1118.)

Section 1172.1 (former § 1170, subd. (d)) provides an exception to the general rule that a trial court loses jurisdiction once execution of sentence has begun by authorizing a recall and resentencing procedure that may be invoked when, for example, the Secretary of the Department of Corrections and Rehabilitation recommends resentencing. (§ 1172.1, subd. (a)(1); *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) Assembly Bill No. 600 (2023-2024 Reg. Sess.) amended section 1172.1 to allow a court to now resentence a defendant "on its own motion" when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.) Accordingly, effective January 1, 2024, section 1172.1, subdivision (a)(1) provides the court may, "*on its own motion, … at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law*, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (Italics added.) Notably, section 1172.1, subdivision (c) expressly states, "A defendant is not

entitled to file a petition seeking relief from the court under this section." (*Ibid*.) Additionally: "If a defendant requests consideration for relief under this section, the court is not required to respond." (*Ibid.*)

" ' "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." ' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Section 1172.1 does not address whether a trial court's denial of a defendant's request for recall and resentencing under the statute is appealable. However, section 1237, subdivision (b) "provides that a defendant may appeal from 'any order made after judgment, affecting the substantial rights of the party.' " (*Teal*, *supra*, at p. 598.)

And here, we cannot conclude the court's order denying defendant's request that it vacate his sentence and initiate resentencing proceedings affects defendant's substantial rights such that it is an appealable order. Rather, by stating a court may decline to respond to a defendant's request for relief under the statute, the language of section 1172.1, subdivision (c) establishes there is no affirmative obligation on a trial court to consider a defendant's request for relief or initiate recall and resentencing proceedings in response thereto. And, if a court has no duty to respond to—let alone grant—a defendant's request for relief, it follows that a defendant has no *right* to the initiation of recall and resentencing proceedings. Thus, where, as here, the court issues an order denying such relief, it cannot be said to affect the defendant's substantial rights as would be required for such a postjudgment order to be appealable. (§ 1237, subd. (b).)

Accordingly, the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.

7.